IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD E. BARRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00872-P |
| | § | |
| LOWE'S HOME CENTERS, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Lowe's Home Centers, LLC's ("Lowe's") Motion for Summary Judgment (ECF No. 25), Plaintiff Richard E. Barry's ("Barry") Response (ECF No. 30), and Lowe's Reply (ECF No. 42). Having considered the motion, related briefing, appendices, and applicable law, the Court finds that Defendant's Motion for Summary Judgement should be and is hereby **GRANTED**. Barry's claims are hereby **DISMISSED with prejudice.**

### BACKGROUND

On May 6, 2017, Barry visited the Lowe's store in Burleson, Texas. Pl.'s First. Am. Compl. at ¶ 5, ECF No. 9 ("FAC"). He had visited this Lowe's location on previous occasions, and had been to the home and garden department on prior trips. Def.'s App. Supp. Mot. Summ. J. at 12 (Ex. A at 86:20–22), ECF No. 27. Barry testified that he was generally aware, even before his fall, that employees watered the flowers in the gardening section, which resulted in water on the ground in that area. *Id.* at 12 (Ex. A at 87:19–22).

After arriving at the store, Barry first visited the gardening area and located the flowers he intended to purchase. *Id.* at 8 (Ex. A at 42:21–23; 44:18–20). As he walked towards the flowers, he suddenly slipped, lost his footing, and fell backwards, landing on the floor. *Id.* at 8 (Ex. A at 42:16–20). In a written statement prepared after the accident, Barry stated that he saw that the floor in the gardening area was damp before entering that section. *Id.* at 826 (Ex. C at 1). Furthermore, in his deposition, Barry testified that before the accident, he had also observed Lowe's employees watering the flowers in the gardening area. *Id.* at 12 (Ex. A at 87:3–5).

Barry filed his original petition in state court on August 23, 2018. *See* Def.'s App. Supp. Mot. Summ. J., Ex. 4, ECF No. 27. Lowe's removed this case to federal court on October 24, 2018. ECF No. 1. Plaintiff filed an amended complaint on January 30, 2019. ECF No. 9. Lowe's filed a Motion for Summary Judgment on February 12, 2020, (ECF No. 25), Barry filed a Response on March 4, 2020, (ECF No. 30), and Lowe's filed a Reply on March 11, 2020, (ECF No. 42). This motion is now ripe for review.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain

from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

In its Motion for Summary Judgment, Lowe's contends that Barry's claim of general negligence should be construed as a premises liability claim. Def.'s Br. Supp. Mot. Summ. J. at 4, ECF No. 26 ("Brief"). Lowe's then argues that Barry has not met the burden of proof to establish that Lowe's is liable based on a theory of premises liability. Specifically, Lowe's argues that it did not have a duty to warn Barry, because the alleged dangerous condition: was open and obvious and did not create an unreasonable risk of harm. *See* Brief at 4–10.

**A.     Negligence**

Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (internal quotations and footnotes omitted).

Lowe's first seeks summary judgment to the extent Barry asserts a claim for general negligence as opposed to one for premises liability. *See* Brief at 4–6. As explained above,

Barry does not dispute or oppose Lowe's contention. *See Timberwalk*, 972 S.W.2d at 753. Barry's claims arise from Lowe's alleged failure to prevent a harm to him caused by an alleged condition of water on the floor. Thus, the Court determines that Barry's claim is one of premises liability. To the extent that Barry alleges a claim based upon negligent activity, there is no genuine issue of material fact with respect to such a claim, and Lowe's is entitled to judgment as a matter of law on it.

Therefore, Lowe's Motion for Summary Judgment on Barry's claim for negligence should be and is hereby **GRANTED** and Barry's claim for negligence is **DISMISSED WITH PREJUDICE.**

**B.      Premises Liability**

For Barry to succeed on a premises liability claim Barry must prove that "(1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009).

Under Texas law a landowner's duty to an invitee as a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 412 (Tex. 2009). But when a condition is open and obvious or known to the invitee, the landowner is not in a better position to discover it:

> When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks.

*Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). This general rule is also consistent with the Texas Supreme Court's recognition that a landowner's duty to invitees is not absolute. Because, a landowner "is not an insurer of [a] visitor's safety." *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 769 (Tex. 2010).

Here, the summary judgment record demonstrates that Barry was already aware of the water in the gardening area—the dangerous premises condition—and yet he entered the gardening section undeterred.[1] In his witness statement taken immediately after the incident, Barry explained that while he was unaware that the complete floor lane was extremely wet with standing water, "to me the floors appear[ed] to be just damp." ECF No. 27, Ex. C at 1. Barry sets forth no evidence to controvert this statement that he knew the floor was damp.

The Court finds as instructive a premises liability case in which the Fifth Circuit affirmed a district court's decision to grant a judgment as a matter of law after a verdict had been returned for the plaintiff. *Kilchrist v. Sika Corp.*, 555 F. App'x 350, 352 (5th Cir. 2014). In *Kilchrist*, the plaintiff contended that he had no actual knowledge that admix—a slippery substance—was present on the ground near his truck on the day he slipped and fell. Kilchrist argued that the fact he knew admix could be on the floor did not

---

[1] There is no dispute that Barry was an invitee at the time of the incident.

mean that he actually knew that admix was on the floor, and thus he did not appreciate the risk. *Id*. The Fifth Circuit concluded that "[t]his is a distinction without a difference. Kilchrist appreciated the risk admix posed and the substantial likelihood it was present in the facility. . . ." Thus, the Fifth Circuit held that Sika owed no duty to warn Kilchrist of a danger he already appreciated." *Id.*

The Court finds that Barry knew of the potential danger, appreciated the inherent risk and still proceeded. *See Bethke v. Braum's, Inc.*, No. 3:18-CV-0778-C, 2019 WL 2752509, at *4 n.10 (N.D. Tex. Apr. 19, 2019) ("[T]o the extent Plaintiff potentially witnessed the employee mopping the floor, any danger would be open and obvious."). Therefore, like *Kilchrist,* the Court finds that Barry's statement that he knew the floor was damp showed that he appreciated the risk that the water on the floor of the gardening section posed. Therefore, the Court holds that Lowe's had no duty to warn Barry of the danger. *See Kilchrist*, 555 F. App'x at 352.

As Barry has not been able to prove that a condition of Lowe's premises created an unreasonable risk of harm to him—the first of the four prongs of the premises liability test—he cannot succeed on a claim for premises liability. *See Fort Brown*, 285 S.W.3d at 884. As a result, the Court finds it unnecessary to examine the other three prongs.

Therefore, Lowe's Motion for Summary Judgment on Barry's claim for premises liability should be and is hereby **GRANTED** and Barry's claim for premises liability is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

For the foregoing reasons, the Court finds that Lowe's Motion for Summary Judgment (ECF No. 25) should be and is hereby **GRANTED.** Accordingly, Barry's claims against Lowe's are hereby **DISMISSED with prejudice.**

**SO ORDERED** on this **9th day** of **April, 2020**.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE